UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOSEPH KNIPE                                                                                          PETITIONER
Reg #31713-047

V.                                          NO. 2:23-CV-132-LPR-JTR

C. GARRETT, Warden,                                                                          RESPONDENT
FCI-Forrest City

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation.  If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Petitioner Joseph Knipe ("Knipe") pled guilty to one count of distribution of visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) and § 2252(b)(1).  He was sentenced to 96 months' imprisonment in the Bureau of Prisons ("BOP").  *USA v. v. Knipe,* No. 8:20-CR-156-BCB-MDN-1, *No. 52* (D. Neb. Jun. 2, 2021).  On June 12 2023, Knipe filed here the *pro se* § 2241 Petition for Writ of Habeas Corpus, arguing the BOP refuses to apply earned time credits to his sentence in violation of the First Step Act ("FSA"). Johnson is incarcerated at the Federal Correctional Institution–Low in Forrest City, Arkansas ("FCI-FC").  Federal Bureau of Prisons, *Find an inmate.: BOP Register Number 31713-047*,

https://www.bop.gov/inmateloc/ (accessed Oct. 23, 2023). According to the BOP website, Johnson's projected release date is April 25, 2027. *Id.*

## II. Discussion

Knipe challenges the BOP determination that he is ineligible for FSA earned time credits. C. Garrett, Warden of the FCI-FC, responds that Knipe has not properly exhausted administrative remedies because the Office of the General Counsel dismissed his appeal of the administrative finding as untimely. Garrett alternatively argues Knipe is not eligible to have FSA earned time credits applied to his sentence. For the reasons that follow, the Court recommends that Knipe's petition be dismissed with prejudice.

Federal regulations provide for administrative review of the computation of prisoners' jail-time credits, and prisoners may "seek judicial review of these computations after exhausting their administrative remedies." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10–542.16). "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."[1] *Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (emphasis in original) (quotations omitted). The Circuit, however, has observed that jurisdiction to decide a petitioner's challenge to his sentence is not affected by his failure to exhaust because the exhaustion requirement was "judicially created, not jurisdictional." *Lueth v. Beach,* 498 F.3d 795, 797 n.3 (8th Cir. 2007).

---

[1] The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Pursuant to the regulations, administrative review has four tiers: (1) informal presentation of the issue to prison staff; (2) written Request For Administrative Remedy (BP-9 form) submitted to the Warden; (3) Regional Administrative Remedy Appeal (BP-10 form) submitted to the appropriate BOP Regional Director; and (4) Appeal submitted to the General Counsel (BP-11 form). 28 C.F.R. §§ 542.13–542.15.

Assuming Knipe has not properly exhausted his administrative remedies, the record is nonetheless sufficient for judicial review of the claim. A prisoner is not eligible to receive time credits "if the prisoner is serving a sentence for a conviction . . . under 2252, relating to certain activities relating to material involving the sexual exploitation of minors." 18 U.S.C. § 3632(d)(4)(D)(xli). Knipe pled guilty to violating 18 U.S.C. § 2252(a)(2) and § 2252(b)(1). *USA v. v. Knipe,* No. 8:20-CR-156-BCB-MDN-1, *No. 52* (D. Neb. Jun. 2, 2021). Because Knipe is ineligible to receive FSA earned time credits, his petition should be dismissed with prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT: (1) Knipe's Petition for Writ of Habeas Corpus, *Doc. 1,* be DENIED; and (2) this case be DISMISSED with prejudice.

DATED this 24th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE